**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **DARREN MACDONALD and NOLAN SHIPMAN, Individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**USIC LOCATING SERVICES, LLC,**<br><br>**Defendant.** | **Case No. ____________________**<br><br>**JURY TRIAL DEMANDED**<br><br>**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)**<br><br>**CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiffs—Darren MacDonald and Nolan Shipman—bring this action individually and on behalf of all current and former hourly Technicians (collectively, "Plaintiffs and the Putative Collective/Class Members"), who worked for Defendant—USIC Locating Services, LLC ("USIC")—anywhere in the United States, at any time during the relevant statutes of limitations, through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended 29 U.S.C. §§ 201–19, unpaid compensation, liquidated damages, and attorneys' fees and costs pursuant to the Massachusetts Minimum Fair Wage Law ("MMFWL"), MASS. GEN. LAWS ANN. Ch. 151, § 1–22; and, the Massachusetts Wage Act ("MWA"), MASS. GEN. LAWS ANN. Ch. 149, § 148–150 (collectively, the "Massachusetts Acts"), and unpaid straight time and overtime wages pursuant to Colorado Wage Claim Act, C.R.S. §§ 8-4-101–127 ("CWCA"); the Colorado Wage Rules and Regulations, 7 Colo. Code Regs. § 1103-1.1–1.8 ("CWRR") (the CWCA and CWRR are collectively referred to as the "Colorado Acts").

## I.
## OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA, and a class action pursuant to the state laws of Massachusetts and Colorado under FED. R. CIV. P. 23, to recover unpaid wages and other applicable penalties.

2. Plaintiffs and the Putative Collective/Class Members are those similarly situated persons who worked for USIC at any time during the relevant statutes of limitations through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of wages, including overtime, in violation of state and federal law.

3. Although Plaintiffs and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiffs and the Putative Collective/Class Members were not paid overtime of at least one and one-half times their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. Likewise, Plaintiffs and the Putative Collective/Class Members worked under forty (40) hours per workweek on occasion and were not fully compensated at their regular rate of pay for all hours worked.

5. During the relevant time period(s), USIC knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis.

6. Specifically, USIC's regular practice—including during weeks when Plaintiffs and the Putative Collective/Class Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to require Plaintiffs and the Putative Collective/Class Members to perform pre- and post-shift work off-the-clock.

7. In addition, USIC paid non-discretionary bonuses to Plaintiffs and the Putative Collective/Class Members but failed to include these bonuses in Plaintiffs and the Putative Collective/Class Members' regular rate of pay for purposes of calculating their correct rate of overtime compensation.

8. The effect of USIC's practices was (and is) that all compensable time worked by Plaintiffs and the Putative Collective/Class Members was not (and is not) counted and paid; thus, USIC has failed to properly compensate Plaintiffs and the Putative Collective/Class Members for all hours worked and has failed to properly compensate them the proper amount of overtime under the FLSA and applicable state law.

9. USIC knowingly and deliberately failed to compensate Plaintiffs and the Putative Collective/Class Members for all hours worked and the proper amount of overtime at the proper rate on a routine and regular basis during the relevant time period(s).

10. Plaintiffs and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or applicable state law.

11. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages and other damages owed under the relevant state laws as class actions pursuant to FED. R. CIV. P. 23.

12. Plaintiffs also pray that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

13. Plaintiffs also pray that the Rule 23 classes are certified as defined herein, with the Plaintiffs designated herein named as the respective Class Representative(s).

## II.
## THE PARTIES

14. Plaintiff—Darren MacDonald ("MacDonald")—was employed by USIC in Massachusetts during the relevant time period(s). Plaintiff MacDonald did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

15. Plaintiff—Nolan Shipman ("Shipman")—was employed by USIC in Colorado during the relevant time period(s). Plaintiff Shipman did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

16. The FLSA Collective Members are those current and former hourly Technicians who were employed by USIC at any time from February 6, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiffs worked and were paid.

17. The Massachusetts Class Members are those current and former hourly Technicians who were employed by USIC in Massachusetts at any time from February 6, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff MacDonald worked and was paid.

18. The Colorado Class Members are those current and former hourly Technicians who were employed by USIC in Colorado at any time from February 6, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Shipman worked and was paid.

---

[1] The written consent of Darren MacDonald is attached hereto as Exhibit "A."

[2] The written consent of Nolan Shipman is attached hereto as Exhibit "B."

19. Defendant USIC Locating Services, LLC ("USIC") is a domestic limited liability company, that is licensed to and doing business in the State of Indiana, and may be served through its registered agent for service of process: **C T Corporation System, 334 North Senate Avenue, Indianapolis, Indiana, 46204.**

## III.
## JURISDICTION & VENUE

20. This Court has federal question jurisdiction over Plaintiffs' claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

21. This Court has supplemental jurisdiction over Plaintiffs' additional state law claims pursuant to 28 U.S.C. § 1367 because they are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

22. Plaintiffs have not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

23. This Court has specific personal jurisdiction over USIC because the cause of action arose within this district as a result of USIC's conduct within this District.

24. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Indiana because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

25. Additionally, USIC's corporate headquarters are located in Indianapolis, Indiana, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

26. Defendant USIC provides underground utility locating services to its customers throughout the continental United States.[3]

[3] https://www.usicllc.com/about/.

27. To provide its services, USIC employed (and continues to employ) numerous hourly, non-exempt Technicians—including Plaintiffs and the individuals that make up the putative collective and class.

28. Plaintiffs and the Putative Collective/Class Members were employed by USIC as non-exempt Technicians who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

29. Plaintiffs and the Putative Collective/Class Members' job duties include locating underground utility lines on behalf of USIC's customers.

30. While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

31. Importantly, none of the FLSA exemptions relieving a covered employer (such as USIC) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiffs or the Putative Collective/Class Members.

32. Plaintiff MacDonald was employed by USIC as a Lead Technician and Field Technician in Massachusetts from approximately April 2021 until April 2025.

33. Plaintiff Shipman was employed by USIC as a Lead Locator Technician in Colorado from approximately April 2018 until July 2023.

34. Plaintiffs and the Putative Collective/Class Members typically worked five (5) days a week, and approximately ten (10) to twelve (12) hours per day—these are referred to as "on-the-clock" hours.

35. Specifically, Plaintiffs MacDonald and Shipman typically worked Monday through Friday from 6:30 a.m. to between 4:00 p.m. and 7:00 p.m.

36. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of USIC resulting in the complained of FLSA and state law violations.

37. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to their job duties—that is they are (or were) responsible for the locating underground utility lines on behalf of USIC's customers.

38. Plaintiffs and the Putative Collective/Class Members are similarly (if not identically) situated with respect to their pay structure in that they are all paid on an hourly basis, received non-discretionary bonuses, and were not paid for mandatory pre- and post-shift work.

39. Plaintiffs and the Putative Collective/Class Members are similarly situated with respect to the policies (and practices) of USIC resulting in the complained of FLSA and state law violations.

**Unpaid Pre-Shift/Post-Shift Work**

40. In addition to their "on-the-clock" hours, Plaintiffs and the Putative Collective/Class Members regularly worked between fifty (50) minutes to two and one-half (2.5) hours "off-the-clock" per week and have not been compensated for that time.

41. Plaintiff and the Putative Collective/Class Members were not (and continue to not be) compensated for all the hours they worked for USIC as a result of USIC's corporate policy and practice of requiring Plaintiffs and the Putative Collective/Class Members to not report hours worked outside their scheduled shift.

42. Plaintiffs and the Putative Collective/Class Members were required to perform a various duties that had to be performed off-the-clock during their off-duty hours such as before their scheduled shift, or after their scheduled shift such as: reading and responding to emails, attending

phone call meetings with supervisors, making and receiving calls with contractors, reviewing tickets, and performing a vehicle inspection (collectively "Off-Duty Work").

43. The Off-Duty Work was required by USIC, who required Plaintiffs and the Putative Collective/Class Members to answer calls by their supervisors, to read and respond to emails, make and receive calls with contractors, and review tickets before they could clock in or after they had clocked out.

44. Although the work performed during their off-duty hours was (and continues to be) part of their primary work duties, Plaintiffs and the Putative Collective/Class Members were prohibited from recording those hours worked as they were only permitted to clock in after arriving at their first ticket and were required to clock out as they left the last ticket.

45. Managers and contractors frequently called the Plaintiffs and Putative Collective/Class Members during their ride to the first ticket or after they have left their last ticket.

46. Plaintiffs and the Putative Collective/Class Members were also required to review their first ticket prior to heading to the first ticket.

47. Plaintiffs and the Putative Collective/Class Members were also required to read and respond to emails prior to arriving at their first ticket and also after having left the last ticket.

48. Although the Off-Duty Work is integral and indispensable to their job duties, Plaintiffs and the Putative Collective/Class Members have not been compensated for this time because USIC does not permit them to clock in for this work.

49. Specifically, USIC does not permit the Plaintiffs and Putative Collective/Class Member to clock in until they arrive at their first ticket.

50. Additionally, USIC requires the Plaintiffs and the Putative Collective/Class Members to clock out after they leave their last ticket.

51. In weeks in which Plaintiffs and the Putative Collective/Class Members worked forty (40) or more hours, the unpaid Off-Duty Work qualified as unpaid overtime.

52. Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked more than forty (40) hours on-the-clock and were forced to perform compensable work after the end of their scheduled shift for which they were not compensated at their agreed overtime rate.

53. Plaintiffs MacDonald and Shipman worked more than forty (40) hours each workweek during their employment with USIC (with the limited exception of weeks that included holidays or weeks wherein Plaintiffs and the Putative Collective/Class Members did not work their regular schedule as a result of illness or absence) and the Off-Duty Work performed off-the-clock qualified as overtime, for which they should have received (but did not) overtime compensation for.

54. As USIC failed to pay them for the Off-Duty Work performed in those overtime eligible workweeks, USIC violated the FLSA by failing to pay them overtime compensation for all hours worked in excess of forty (40).

55. In weeks in which Plaintiffs and the Putative Collective/Class Members worked under forty (40) hours, the unpaid Off-Duty Work qualified as unpaid straight time.

56. Plaintiffs each worked at least one workweek within their respective statutory time period(s) in which they worked less than forty (40) hours on-the-clock and were forced perform compensable work after the end of their scheduled shift for which they were not compensated at their agreed hourly rate.

57. In short workweeks, such as Christmas, Plaintiffs MacDonald and Shipman worked fewer than forty (40) hours, and the Off-Duty Work performed off-the-clock qualified as unpaid straight time, for which they should have (but were not) paid their hourly rates for.

58. As USIC failed to pay them for the Off-Duty Work performed in those non-overtime workweeks, USIC violated relevant state laws requiring payment for those hours.

59. USIC required (and continues to require) Plaintiffs and the Putative Collective/Class Members to perform the Off-Duty Work off-the-clock and without pay.

**Failure to Include Non-Discretionary Bonuses in the Regular Rate**

60. USIC paid out non-discretionary bonuses to Plaintiffs and the Putative Collective/Class Members—On Call Bonuses and No Damage Bonuses—based on specific metrics but failed to include these bonuses in Plaintiffs and the Putative Collective/Class Members' regular rates of pay.

61. These non-discretionary bonuses were based upon pre-determined criteria established by USIC—specifically, being assigned an on-call shift and not causing damage.

62. When Plaintiffs and the Putative Collective/Class Members met these pre-determined criteria, they were entitled to receive these non-discretionary bonuses.

63. The No Damage Bonuses were paid out on a quarterly basis.

64. The On Call Bonuses were paid out on a weekly basis.

65. Pursuant to 29 C.F.R. § 778.209, these non-discretionary bonuses (and any other non-discretionary compensation) should have been included in Plaintiffs and the Putative Collective/Class Members' regular rates of pay before any and all overtime multipliers were applied.

66. During each quarter of Plaintiffs MacDonald and Shipman's employment with USIC, they worked overtime hours during almost each week of each quarter.

67. Although Plaintiffs MacDonald and Shipman worked overtime hours in each quarter in which they received a No Damage Bonus, USIC failed to recalculate their regular rate and pay them overtime compensation for that quarter that included the No Damage Bonus in the regular rate.

68. During Plaintiffs MacDonald and Shipman's employment with USIC, they worked overtime hours during each week in which they were assigned an On Call Shift and received an On Call Bonus.

69. Although Plaintiffs MacDonald and Shipman worked overtime hours in each week in which they received an On Call Bonus, USIC failed to recalculate their regular rate and pay them overtime compensation for that week that included the On Call Bonus in the regular rate.

70. As a result of their failure to include the No Damage and On Call bonuses in Plaintiffs MacDonald and Shipman's regular rate during each period in which they worked overtime and received the bonuses, USIC failed to pay Plaintiff MacDonald and Shipman the correct amount of overtime compensation due to them under the FLSA.

71. As a result of USIC's failure to include all non-discretionary income in the regular rate of pay and to compensate Plaintiffs and the Putative Collective/Class Members for compensable work Plaintiffs and the Putative Collective/Class Members worked straight time and overtime hours for which they were not compensated at the rates required by the FLSA and relevant state law.

72. USIC's failure to compensate Plaintiffs and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and applicable state law.

73. USIC knew or should have known that it was not (and is not) compensating Plaintiffs and the Putative Collective/Class Members for the proper amount of overtime compensation at the proper rate in violation of the FLSA and relevant state law.

74. USIC knew or should have known that its failure to pay the correct amount of straight time and overtime to Plaintiffs and Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiffs and the Putative Collective/Class Members.

75. USIC knew or should have known that not compensating Plaintiffs and the Putative Collective/Class Members for all overtime hours worked did cause, and continues to cause, financial injury to Plaintiffs and the Putative Collective/Class Members.

76. Because USIC did not pay Plaintiffs and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, USIC's pay policies and practices willfully violated (and continue to violate) the FLSA and applicable state laws.

77. Because USIC did not pay Plaintiffs and the Putative Collective/Class Members for all straight time worked, USIC's pay policies and practices violated (and continue to violate) applicable state law.

78. Plaintiffs and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid straight time pursuant to applicable state law.

## V.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

79. The preceding paragraphs are incorporated as though fully set forth herein.

80. The FLSA Collective is defined as follows:

**ALL TECHNICIANS WHO WERE EMPLOYED BY USIC LOCATING SERVICES, LLC, AT ANY TIME FROM FEBRUARY 6, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

81. At all material times, USIC has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

82. At all material times, USIC has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

83. At all material times, USIC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of infrastructure and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

84. Specifically, USIC employs numerous Technicians to provide utility locating services across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

85. During the respective periods of Plaintiffs and the FLSA Collective Members' employment by USIC, these individuals provided services for USIC that involved interstate commerce for purposes of the FLSA.

86. In performing work for USIC, Plaintiffs and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

87. Specifically, Plaintiffs and the FLSA Collective Members are (or were) hourly employees who assisted USIC's customers throughout the United States. 29 U.S.C. § 203(j).

88. At all material times, Plaintiffs and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

89. The proposed classes of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 80.

90. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of USIC.

**B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

91. USIC violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the operation of utility locating services, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

92. Moreover, USIC knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiffs and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

93. USIC knew or should have known its pay practices were in violation of the FLSA.

94. USIC is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

95. Plaintiffs and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted USIC to pay them according to the law.

96. The decision and practice by USIC to not pay Plaintiffs and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

97. Accordingly, Plaintiffs and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

98. All previous paragraphs are incorporated as though fully set forth herein.

99. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this action collectively on behalf of USIC's employees who are (or were) similarly situated to Plaintiffs with regard to the work they performed and the manner in which they were paid.

100. Other similarly situated employees of USIC have been victimized by USIC's patterns, practices, and policies, which are in willful violation of the FLSA.

101. The FLSA Collective is defined in Paragraph 80.

102. USIC's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of USIC, and does not depend on the personal circumstances of Plaintiffs or the FLSA Collective Members.

103. Thus, Plaintiffs' experiences are typical of the experiences of the FLSA Collective Members.

104. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

105. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

106. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

107. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and USIC will retain the proceeds of their violations.

108. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

109. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 80.

**SECOND CAUSE OF ACTION**
**(Class Action Alleging Violations of the Massachusetts Acts)**

**A. MASSACHUSETTS ACTS COVERAGE**

110. All previous paragraphs are incorporated as though fully set forth herein.

111. The Massachusetts Class is defined as:

**ALL TECHNICIANS WHO WERE EMPLOYED BY USIC LOCATING SERVICES, LLC, IN MASSACHUSETTS, AT ANY TIME FROM FEBRUARY 6, 2023 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Massachusetts Class Members").**

112. At all material times, Plaintiff MacDonald and the Massachusetts Class Members have been employees within the meaning of the Massachusetts Acts. Mass. GEN. LAWS ANN. Ch. 149 § 1.

113. Plaintiff MacDonald and the Massachusetts Class Members were or have been employed by USIC since February 6, 2023, and have been covered employees entitled to the protections of the Massachusetts Acts, and were not exempt from the protections of the Massachusetts Acts.

114. The employer, USIC, is not exempt from paying all wages when they are due or from paying overtime benefits under the Massachusetts Acts.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MASSACHUSETTS ACTS**

115. All previous paragraphs are incorporated as though fully set forth herein.

116. The Massachusetts Acts require that employees, including Plaintiff MacDonald and the Massachusetts Class Members, receive "time and one-half" overtime premium compensation for hours worked over forty (40) per week. MASS. GEN. LAWS ANN. Ch 151, § 1A.

117. The Massachusetts Acts require that USIC pay Plaintiff MacDonald and the Massachusetts Class Members all wages, including unpaid straight time and overtime, either weekly or biweekly. MASS. GEN. LAWS ANN. Ch 149, § 148.

118. Plaintiff MacDonald and the Massachusetts Class Members worked more than forty (40) hours in workweeks during times relevant to this case, however, USIC violated the Massachusetts Acts by failing to pay Plaintiff MacDonald and other Massachusetts Class Members the correct amount of overtime at the rates required by the Massachusetts Acts for hours worked over forty (40) per week.

119. Plaintiff MacDonald and the Massachusetts Class Members were not paid all of their straight time wages within the pay period in which they were earned, in violation of the Massachusetts Acts.

120. Plaintiff MacDonald and the Massachusetts Class Members have suffered damages and continue to suffer damages as a result of USIC's acts or omissions as described herein; though USIC is in possession and control of necessary documents and information from which Plaintiffs would be able to precisely calculate damages

121. In violating the Massachusetts Acts, USIC acted willfully, without a good faith basis, and with reckless disregard of applicable Massachusetts law.

122. Because USIC failed to pay all wages earned in a timely manner as required by the Massachusetts Acts, USIC is liable for treble the value of the unpaid wages, and all costs and reasonable attorney's fees. *See* MASS. GEN. LAWS ANN. Ch. 151, § 1B; MASS. GEN. LAWS ANN. Ch. 149, § 150.

123. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Massachusetts Acts, is defined in Paragraph 111.

124. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of USIC.

## C. MASSACHUSETTS CLASS ACTION ALLEGATIONS

125. Plaintiff MacDonald and the Massachusetts Class Members bring their Massachusetts Acts claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by USIC to work in Massachusetts since February 6, 2023.

126. Class action treatment of Plaintiff MacDonald and the Massachusetts Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

127. The number of Massachusetts Class Members is so numerous that joinder of all class members is impracticable.

128. On information and belief, USIC employed hundreds of Technicians—Massachusetts Class Members—in Massachusetts since February 6, 2023.

129. Plaintiff MacDonald's Massachusetts state-law claims share common questions of law and fact with the claims of the Massachusetts Class Members.

130. Specifically, the common questions of law and fact are that USIC violated the Massachusetts Acts by failing to pay the Massachusetts Class Members for time spent performing the Off-Duty Work and that it failed to pay them overtime at a rate not less than one and one half times their regular rate of pay.

131. Plaintiff MacDonald is a member of the Massachusetts Class, his claims are typical of the claims of other Massachusetts Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Massachusetts Class Members.

132. Plaintiff MacDonald and his counsel will fairly and adequately represent the Massachusetts Class Members and their interests.

133. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact (as identified herein) predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the Massachusetts Class should be certified as defined in Paragraph 111.

134. Specifically, Plaintiff MacDonald and the Massachusetts Class Members all performed similar work, were not paid when they performed Off-Duty Work, and their overtime did not include all non-discretionary income.

## THIRD CAUSE OF ACTION
## (Class Action Alleging Violations of the Colorado Acts)

### A. COLORADO ACTS COVERAGE

135. All previous paragraphs are incorporated as though fully set forth herein.

136. The Colorado Class is defined as:

**ALL TECHNICIANS WHO WERE EMPLOYED BY USIC LOCATING SERVICES, LLC, IN COLORADO, AT ANY TIME FROM FEBRUARY 6, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Colorado Class Members").**

137. At all material times, USIC has been an "employer" as defined by the Colorado Acts. C.R.S. § 8-4-101(6).

138. At all material times, Plaintiff Shipman and the Colorado Class Members were USIC's "employees" as defined within the Colorado Acts. C.R.S. § 8-4-101(5).

139. USIC—the "employer"—is not exempt from paying wages and overtime benefits under the Colorado Acts.

### B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE COLORADO ACTS

140. All previous paragraphs are incorporated as though fully set forth herein.

141. USIC owes Plaintiff Shipman and the Colorado Class Members "wages," as defined in the Colorado Acts, to compensate them for labor rendered to USIC. *See* C.R.S. § 8-4-101(14).

142. The Colorado Acts requires employers, like USIC, to pay every employee all wages earned for all hours of work performed. *See* C.R.S. §§ 8-4-103(1)(a); 8-4-109(1); and 7 C.C.R. 1103-1 (3.1).

143. The Colorado Acts require employers, like USIC, to pay non-exempt employees, including Plaintiff Shipman and the Colorado Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay – based on *all* remuneration received – for all hours worked over 12 in a workday and 40 in a workweek. *See* 7 C.C.R. 1103-1(4.1.1).

144. Plaintiff Shipman and the Colorado Class Members are entitled to overtime pay under the Colorado Acts. *See* 7 C.C.R. 1103-1(4.1.1).

145. USIC violated the Colorado Acts by failing to pay Plaintiff Shipman and the Colorado Class Members overtime wages at rates not less than 1.5 times their regular rates of pay—based on all remuneration received, including non-discretionary bonuses—for all hours worked over twelve (12) in a workday and 40 in a workweek, including hours worked "off the clock" during the Off-Duty Work for which USIC failed to compensate Plaintiff Shipman and the Colorado Class Members. *See* 7 C.C.R. 1103-1(4.1.1 and 5).

146. In violating the Colorado Acts, USIC acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Colorado law.

147. Specifically, USIC knew it was requiring Plaintiff Shipman and the Colorado Class Members to perform the Off-Duty Work off the clock and without pay.

148. USIC also knew Colorado law required it to include the On Call Bonus and No Damage Bonus in the regular rate of pay, but chose to ignore that legal obligation.

149. Accordingly, Plaintiff Shipman and the Colorado Class Members are entitled to recover their unpaid overtime wages and an automatic penalty of the greater of two times the amount of the unpaid overtime wages or $1,000. *See* C.R.S. § 8-4-109(3)(b)(I); 7 C.C.R. 1103-1(8.1).

150. Because USIC's failure to pay these overtime wages was willful, USIC is also liable to Plaintiff Shipman and the Colorado Class Members for treble damages in the amount of three times their unpaid overtime wages or $3,000, whichever is greater. *See* C.R.S. § 8-4-109(3)(b)(II).

151. Finally, Plaintiff Shipman and the Colorado Class Members are entitled to recover their reasonable attorneys' fees, costs, and expenses incurred in this action. *See* C.R.S. § 8-4-110; C.C.R. 1103-1(8.1).

152. USIC is in possession and control of necessary documents and information from which Plaintiff Shipman would be able to precisely calculate damages.

153. The proposed class of putative class members sought to be certified pursuant to the Colorado Acts is defined in Paragraph 136.

154. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of USIC.

**C. COLORADO CLASS ACTION ALLEGATIONS**

155. Plaintiff Shipman and the Colorado Class Members bring their Colorado Acts claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by USIC to work in Colorado since February 6, 2023.

156. Class action treatment of Plaintiff Shipman and the Colorado Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

157. The number of Colorado Class Members is so numerous that joinder of all class members is impracticable.

158. On information and belief, USIC employed hundreds of Technicians—Colorado Class Members—in Colorado since February 6, 2023.

159. Plaintiff Shipman's Colorado state-law claims share common questions of law and fact with the claims of the Colorado Class Members.

160. Specifically, the common questions of law and fact are that USIC violated the Colorado Acts by failing to pay the Colorado Class Members for time spent performing the Off-Duty Work and failed to pay overtime at a rate of time and one half the regular rate.

161. Plaintiff Shipman is a member of the Colorado Class, his claims are typical of the claims of other Colorado Class Members, and he has no interests that are antagonistic to or in conflict with the interests of other Colorado Class Members.

162. Plaintiff Shipman and his counsel will fairly and adequately represent the Colorado Class Members and their interests.

163. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the Colorado Class should be certified as defined in Paragraph 136.

164. Specifically, Plaintiff Shipman and the Colorado Class Members all performed similar work and were not paid when they performed the Off-Duty Work and did not have all non-discretionary income included in their regular rate.

## VI.
## RELIEF SOUGHT

165. Plaintiffs respectfully pray for judgment against USIC as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 80;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding USIC liable for unpaid wages, including unpaid overtime wages, due to Plaintiffs (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs (and those FLSA Collective Members who have joined in the suit);

d. For an Order certifying the Massachusetts Class as defined in ¶ 111, and designating Plaintiff Macdonald as Representative for the Massachusetts Class;

e. For an Order pursuant to Massachusetts state law awarding Plaintiff Macdonald and the Massachusetts Class Members the damages and penalties they are allowed by law;

f. For an Order pursuant to the Colorado state law awarding Plaintiff Shipman and the Colorado Class Members damages for unpaid wages, treble damages, statutory penalties, and all other damages allowed by law;

g. For an Order certifying the Colorado Class as defined in ¶ 136, and designating Plaintiff Shipman as Representatives of the Colorado Class;

h. For an Order awarding the costs of this action;

i. For an Order awarding attorneys' fees;

j. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

k. For an Order awarding Plaintiffs service awards as permitted by law;

l. For an Order compelling the accounting of the books and records of USIC, at USIC's expense (should discovery prove inadequate); and

m. For an Order granting such other and further relief as may be necessary and appropriate.

**JURY DEMAND**

Plaintiffs request a trial by jury on all their claims.

Date: February 9, 2026

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

*/s/ Robert E. DeRose*
Robert E. DeRose (OH Bar No. 0055214)
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiffs and the Putative Collective/Class Members***